## NICHOLAS BARTH
### *vs.*
## JOHN F. HEIDER.

1. It is no justification for a false arrest, without warrant that the defendant acted upon the advice of a police officer.
2. Neither a private person nor an officer can arrest without a warrant a person charged with a crime of less degree than a felony if the crime were not committed in their presence.

Law, No. 4,561.   Decided November 12, 1868.

MOTION for a new trial on a bill of exceptions in an action of trespass for false imprisonment.

The defendant had caused the arrest of the plaintiff by a police officer without warrant, on suspicion of having stolen his watch and money. The only point in the case considered by the Court was raised by the third exception, and was as to the right of the defendant to justify by showing that he acted under the advice of a police officer. The facts of the case were that the plaintiff occupied a room in defendant's house for about three years, and that they lived together on the most intimate and friendly terms; that on Christmas eve, the defendant missed from his bed room eighty dollars and a watch; that he went to the office of the Metropolitan Police, made known his loss to the officer in charge, and told him that he believed the plaintiff had stolen the money and watch and he wanted him searched; that on Christmas morning, about 10 o'clock, the defendant and one Kelly, an officer, came to plaintiff's room, arrested him and carried him to the police station, where he was confined in a small cell all that day and night; that

the defendant, on the way down, reiterated his charge that he, the plaintiff, had stolen the things, and nobody else; that on the morning of the 26th of December, the said Kelly and the defendant came to his cell and took him before Justice of the Peace Walter, where a hearing was had, the defendant making oath before the justice that he believed the plaintiff had stolen the watch and money; that the justice told the defendant he would have to produce further testimony, and committed the plaintiff to jail for a further hearing; that he was released on bail the same afternoon, and the case, some weeks afterwards, was dismissed without any further hearing; that the plaintiff was a watch maker, and had suffered in his business in consequence of this false accusation, and that the whole proceeding was *without any warrant.*

The general issue, "not guilty" was pleaded, and the jury found for the plaintiff $500 damages.

MR. WILLIAM F. MATTINGLY for plaintiff:

The offer to show that the plaintiff acted on the advice of Kelly, the police officer, was properly rejected by the Court. As matter of justification it should have been specially pleaded, and was not admissible under the general issue. Ch. Pl. 500, 501. 2 Sel. N. P., 935.

It is no excuse that he took the advice of a police officer; he should have consulted a competent lawyer, and after informing him truly of all the facts, could have availed himself of the advice received. Ross *vs.* Inness, 4 Am. Law Reg., 284.

MR. WM. JOHN MILLER for defendant.

MR. JUSTICE OLIN after stating the case delivered the opinion of the Court:

The third exception raises the question sought to be raised by the counsel for the defendant. That exception is as follows:

*40*

"The defendant offered to show to the jury, in justification of the defendant, that there was no malice; that after the investigation of the larceny by said Kelly, and a few seconds before the arrest of the plaintiff by said Kelly, said defendant counseled and advised with said officer Kelly, and the said officer stated to the said defendant that he was sure the said plaintiff had committed said larceny, and that when said plaintiff was arrested he, the defendant acted. *bona fide* upon the opinion and advice. of said Kelly, and he believed from what said Kelly told him he had just cause of complaint against said plaintiff."

This exception presents the question whether a party who procures the arrest of a person without warrant can justify or excuse the act, by showing that he thus acted upon the advice of a police officer. We think not. (See 4th American Law Register, 284; Ross *vs.* Inness.)

This is, perhaps, all that need be said in this case, but, as the question has frequently arisen in this Court as to the authority of private persons and police officers to arrest without warrant, it may be useful to state what we deem to be the law upon the subject.

1st. As to the right of private persons to arrest. It has long been the settled law, that all persons whatever who are present when a felony is committed or a dangerous wound is given, not only may apprehend the offender, but that it is their duty to do so. 1 Arch, Cr. Pl., 21; 2 Hawk. P. C., 157 ; East P. C., 377; Halley *vs.* Mix, 350.

So any person whatever, if an affray be made to the breach of peace, may, without warrant, restrain any of the offenders in order to preserve the peace, but it would seem that even this restraint cannot be continued after the peace has been restored. See Phillips *vs.* Trull, 11 Johns., 406.

Neither a private person nor an officer can arrest a person charged with a crime of less degree than a felony without a warrant if not committed in their presence. An officer has no right to arrest a person without warrant guilty

of a misdemeanor after the offense has been committed. See Proper *vs.* Adler, 3 Park; 2 Hawkins P. C., 121; 2 C & P., 585.

Both private persons and officers may arrest without warrant persons guilty of felonies. Upon this subject Chief Justice Savage, in the 3d Wend., 535, states the case as follows: "My understanding of the law is, that if a felony has in fact been committed by the person arrested upon suspicion by a private individual, such individual is excused if a felony in fact was committed and there was a reasonable ground to suspicion the party arrested; but if no felony was committed by any one and a private individual is arrested without warrant, such arrest is illegal, though an officer would be justified if he had acted upon information which he had reason to rely on."

Justice Denny, in Rohan *vs.* Savior, 5 Cushing, 285, says the public safety and the due apprehension of criminals charged with heinous (felonious) offenses imperiously require that such arrests should be made without warrant by officers of the law. As to the right appertaining to private individuals to arrest without a warrant, it is a much more restricted authority, and is confined to cases of the actual guilt of the party arrested, and the arrest can only be justified by proving such guilt; but as to constables and other peace officers acting officially the law clothes them with greater authority, and they are held to be justified if they act in making the arrest in probable and reasonable grounds for believing the party to be guilty of a felony. * * * A peace officer may, therefore, justify an arrest on a reasonable charge of felony without a warrant, although it should afterwards appear that no felony had been committed, but a private individual cannot. See Samuel *vs.* Payne, 1 Doug. R., 359; 2 Hale P. C., 83, 84, 89. We think the true rule of law is laid down in the case of Rohan *vs.* Savoir, and the ruling of the justice at the Circuit Court must be sustained.